UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS THOMAS, an individual; on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FFE TRANSPORTATION SERVICES, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendant. | No. 2:19-cv-00062-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

On November 29, 2018, Dennis Thomas ("Plaintiff") sued FFE Transportation Services, Inc. ("FFE") for wage and hour violations in San Joaquin County Superior Court. Exh. A to Notice of Removal ("Compl."), ECF No. 1. FFE removed the case to federal court. Notice of Removal, ECF No. 1. Plaintiff now moves to amend his complaint. Mot. to Amend ("Mot."), ECF No. 13. Plaintiff seeks to add Jacinto Castillo ("Castillo") as a plaintiff and include a claim for failure to indemnify for

1

necessary expenditures. Id. at 2.

FFE opposes Plaintiff's motion. Opp'n, ECF No. 18. FFE argues the proposed amendment would result in undue prejudice as FFE has already incurred costs in defending Castillo's separate, now-dismissed action, and that Castillo is acting in bad faith and causing undue delay. Id. at 7-10. The Court finds that, given FFE's prior litigation history with Castillo, Plaintiff's proposed amendment would be unduly prejudicial.

For the reasons set forth below, the Court DENIES Plaintiff's motion to amend.[1]

I. BACKGROUND

FFE is a Delaware corporation. Compl. ¶ 10. Its drivers deliver frozen and refrigerated groceries. Compl. ¶ 12. Plaintiff represents a class of all current and former drivers employed by FFE in California. Compl. ¶ 20. Plaintiff contends that FFE failed to: (1) pay earned wages; (2) provide required meal periods; (3) authorize required rest periods; (4) pay wages on time; (5) provide accurate wage statements; and (6) pay appropriate wages upon termination. Compl. ¶¶ 29-67. Plaintiff alleges that FFE's conduct amounts to unfair competition and business practices. Compl. ¶¶ 72-74.

One year after FFE removed the case to federal court, Plaintiff seeks to amend the complaint. See ECF Nos. 1, 12.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 11, 2020

2

Plaintiff's proposed amendment would add Castillo as a plaintiff and include a failure to indemnify claim. Mot. at 2.

## II. OPINION

### A. Legal Standard

Before a court issues the scheduling order in a case, it "should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a)(2)'s policy of favoring amendments to pleadings "is to be applied with extreme liberality." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks and citation omitted). In deciding a request for leave to amend, "[c]ourts may decline to [do so] only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Of these factors, the prejudice that granting a motion to amend would inflict upon the opposing party impacts the analysis most significantly. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). It acts as the touchstone of the inquiry under Rule 15(a)(2). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice exists where amendment will significantly hinder a defendant's ability to defend against the

3

plaintiff's claims, as in cases where the defendant has no notice, discovery has already been completed, or when the amendment will require relitigation of significant issues." Owens v. Walgreen Co., No. 2:12-419-WBS-JFM, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989)).

   B.   Analysis

FFE's primary argument in support of its opposition to Plaintiff's motion is that the proposed amendment would cause undue prejudice. Opp'n at 7. According to FFE this amendment would be prejudicial considering its litigation history with Castillo. Opp'n at 7-8. In May 2018, six months prior to the commencement of the instant action, Castillo, representing the same putative class, sued FFE for wage and hour violations in San Bernardino County Superior Court. Opp'n at 2; see Castillo v. FFE Transportation Services, Inc., No. CIVDS 1811712 (San Bernardino Super. Ct. 2018). The action was removed to federal court a month later. Opp'n at 2; see Castillo v. FFE Transportation Services, Inc., No. 5:18-cv-01296-VAP (C.D. Cal. 2018). The litigation went on for almost a year, during which time Castillo failed to comply with federal discovery statutes and was delinquent in meeting agreed-upon and court ordered deadlines. Opp'n at 2. Ultimately, Castillo failed to timely file a motion for class certification and the action was dismissed without prejudice in March 2019.

Meanwhile, as early as July 2018—four months before Plaintiff filed in state court—Plaintiff and FEE discussed the ongoing Castillo litigation. Declaration of David S. Binder

("Binder Decl.") ¶ 13, ECF No. 18-1. These discussions revealed that Plaintiff was in communication with Castillo. Binder Decl. ¶ 13. FFE requested that Plaintiff join the Castillo action to avoid duplicative litigation. Binder Decl. ¶ 14. Plaintiff ignored this request and instead filed his complaint in San Joaquin County Superior Court. Binder Decl. ¶ 15.

Thus, Plaintiff was aware of the Castillo action, which included a failure to indemnify claim, well in advance of filing the instant action. Plaintiff provides no explanation as to why Castillo failed to actively litigate his case in the Central District. And Plaintiff's decision to file anew in San Joaquin County instead of joining that ongoing litigation goes similarly unjustified. What is known is: (1) FFE spent nearly a year defending the Castillo action; (2) Plaintiff knew of this ongoing, related litigation; but (3) nonetheless, filed separately. And now Plaintiff seeks to resurrect what Castillo neglected and he ignored.

The Court declines to allow Plaintiff to do so. Permitting Castillo to join this action and adding a failure to indemnify claim would, in effect, force FFE to duplicate its efforts in defending Castillo's May 2018 claims. This would result in undue prejudice. Prejudice exists when the amendment requires relitigation of significant issues. See Ascon, 866 F.2d at 1161 (denial of a motion to amend upheld where plaintiff's failure to carefully read the related statutes would result in additional litigation). Just under a year spent defending Castillo's claims is not insignificant. FFE has already expended substantial time and effort, which more cooperation by Plaintiff

5

at the outset would have avoided. Accordingly, Plaintiff's motion is DENIED.

III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Amend the Complaint.

IT IS SO ORDERED.

Dated: February 7, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE