COSTA KERESTENZIS, SBN 186125
SARAH S. KANBAR, SBN 315443
**BEESON, TAYER & BODINE, APC**
520 Capitol Mall, Suite 300
Sacramento, CA  95814-4714
Telephone:     (916) 325-2100
Facsimile:     (916) 325-2120
Email:          skanbar@beesontayer.com

Attorneys for Plaintiff
DENNIS THOMAS and Putative Class

DAVID S. BINDER, ESQ.; SBN 209876
NICHOLAS T. SPENCER, ESQ.; SBN 262197
**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: dbinder@tharpe-howell.com

Attorneys for Defendant, FFE Transportation Services, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AT SACRAMENTO

| | |
|---|---|
| DENNIS THOMAS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FFE TRANSPORTATION SERVICES, INC., a Delaware Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:19-CV-00062-JAM-CKD<br><br>**JOINT STIPULATION; ORDER** |

SUBJECT TO APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE AND REQUEST AS FOLLOWS:

WHEREAS Plaintiff DENNIS THOMAS filed the instant action in San Joaquin Superior Court, Case No. STK-CV-UOE-2018-14897, which was removed to this Court by Defendant on or about January 9, 2019;

WHEREAS Plaintiff alleges on behalf of himself and other similarly situated drivers that Defendant violated California Labor laws based on the factual allegations set forth in Plaintiff's operative complaint and the related Causes of Action asserted against Defendant for: 1. Failure to Pay

Earned Wages and Premium Wages (Cal. Lab. C. §§ 204, 210, 218); 2. Failure to Authorize and Permit Meal Periods (Cal. Lab. C. §§ 512, 226.7, IWC Wage Order No. 9-2001); 3. Failure to Authorize and Permit Rest Periods (Cal. Lab. C. § 226.7, IWC Wage Order No. 9-2001); 4. Failure to Make Timely Payment of Wages (Cal. Lab. C. §§ 204, 210, 218); 5. Failure to Provide Accurate Wage Statements (Cal. Lab. C. §§ 226 and 1174, IWC Wage Order No. 9-2001); 6. Failure to Pay All Wages Upon Termination (Cal. Lab. C. §§ 201, 202, 203); 7. Unfair Competition and Unfair Business Practices (Cal. Bus. & Prof. C. §§ 17200, *et seq.*); and 8. A Representative Complaint for Penalties Pursuant to the Private Attorneys General Act (Cal. Lab. C. §§ 2699, *et seq.*);

WHEREAS at all times relevant herein, Defendant employed Plaintiff and the alleged other similarly situated employees that he seeks to represent as commercial drivers delivering frozen and refrigerated perishable goods throughout interstate channels;

WHEREAS during the alleged class period, Plaintiff and the alleged other similarly situated employees that he seeks to represent were subject to the Federal Motor Carrier Safety Administration's ("FMCSA") regulations governing the hours of service of interstate drivers of commercial motor vehicles ("HOS Regulations");

WHEREAS after the initiation of this lawsuit, on December 28, 2018, the FMCSA issued an order (the "Order") that its HOS Regulations preempt California's meal and rest break rules and they may not be applied to commercial motor vehicle drivers subject the FMCSA HOS Regulations;

WHEREAS this Court *sua sponte* in *Henry v. Cent. Freight Lines, Inc*., No. 2:16-cv-00280-JAM-EFB (E.D. Cal. June 13, 2019) recognized that the FMCSA Order preempts California's meal and rest break rules and is binding on all tribunals unless altered or reversed by a federal court of appeal;

WHEREAS the FMCSA Order is currently pending on appeal before the Ninth Circuit Court of Appeal;

///

///

1  WHEREAS Defendant informed Plaintiff that it intended to file a Motion for Summary
2  Judgment and/or Partial Summary Judgment of Plaintiff's rest and meal period claims based on the
3  FMCSA Order;

4  WHEREAS Plaintiff contends that the FMCSA Order will be overturned by the Ninth Circuit;

5  WHEREAS after meeting and conferring, the parties recognize that this Court in *Henry*
6  determined, under the current state of the law, that summary judgment/adjudication will lie for any
7  claim under California's meal and rest break laws and regulations because such laws and regulations
8  are preempted per the FMCSA Order;

9  WHEREAS the parties recognize that this Court, in *Henry*, held that the plaintiff in that case
10 can seek reconsideration of the summary judgment/adjudication decision should the Ninth Circuit
11 determine that the FMCSA Order does not preempt California law;

12 WHEREAS the parties have reached a mutual agreement to have the same order, as the order
13 issued in *Henry,* apply here with regard to the FMCSA Order preempting Plaintiff's meal and rest
14 break claims, so as to minimize judicial waste and unnecessary expenses;

15 IT IS HEREBY STIPULATED by and between the parties to this action, by and through their
16 respective counsel, that the Court enter an Order in favor of the Defendant that Plaintiff's meal and
17 rest break claims (Causes of Action Nos. 2 and 3) and derivative claims under California law (Causes
18 of Action Nos.  4, 5, 6 and 7 to the extent these causes of action are based on rest and meal period
19 claims) be dismissed without prejudice subject to reconsideration as noted below because they are
20 preempted by the FMCSA Order;

21 IT IS FURTHER STIPULATED that Plaintiff may not move for reconsideration of the Order
22 on Plaintiff's meal and rest break and derivative claims (Causes of Action Nos. 2, 3, 4, 5, 6 and 7)
23 until there is a final ruling on the merits of the FMCSA Order's preemption of California's meal and
24 rest break rules;

25 IT IS FURTHER STIPULATED that should the Ninth Circuit uphold the FMCSA's Order
26 and the ruling is final, and this case is still pending, then Plaintiff's dismissal of his meal and rest
27 break and derivative claims shall be with prejudice;

IT IS FURTHER STIPULATED that Plaintiff may proceed with litigating his remaining claims (Causes of Action Nos. 1, 4, 5, 6, 7 & 8) as they relate to Plaintiff's claims regarding Defendant's alleged failure to pay wages.

IT IS SO STIPULATED:

Dated: June\_\_\_, 2020         BEESON, TAYER & BODINE, APC

By: _____
    SARAH S. KANBAR, ESQ.
Attorneys for Plaintiff DENNIS THOMAS and Putative Class

Dated: June 24, 2020         THARPE & HOWELL, LLP

By: _____
    DAVID S. BINDER, ESQ.
    NICHOLAS T. SPENCER, ESQ.
Attorneys for Defendant FFE TRANSPORTATION SERVICES, INC.

## ORDER

Upon stipulation of the Parties and good cause appearing therefore;

IT IS HEREBY ORDERED that:

Plaintiff's second cause of action for Failure to Authorize and Permit Meal Periods (Cal. Lab. C. §§ 512, 226.7, IWC Wage Order No. 9-2001) and third cause of action for Failure to Authorize and Permit Rest Periods (Cal. Lab. C. § 226.7, IWC Wage Order No. 9-2001) are dismissed without prejudice.  To the extent that they are based on the second and third causes of action, Plaintiffs fourth cause of action for Failure to Make Timely Payment of Wages (Cal. Labor Code §§ 204, 210, 218), fifth cause of action for Failure to Provide Accurate Wage Statements (Cal. Lab. C. §§ 226 and 1174, IWC Wage Order No. 9-2001), sixth cause of action for Failure to Pay All Wages Upon Termination (Cal. Lab. C. §§ 201, 202, 203)  and seventh cause of action for Unfair Competition and Unfair Business Practices (Cal. Business and Professions Code §§ 17200, *et seq*.) are dismissed without prejudice.  Plaintiff may not move for reconsideration of this Order on Plaintiff's meal and rest break and derivative claims (Causes of Action Nos. 2, 3, 4, 5, 6 and 7) until there is a final ruling on the merits of the FMCSA Order's preemption of California's meal and rest break rules.  Plaintiff may proceed with litigating his remaining claims (Causes of Action Nos. 1, 4, 5, 6, 7 & 8) as they relate to Plaintiff's claims regarding Defendant's alleged failure to pay wages.

Dated this 6th day of July, 2020.

/s/ John A. Mendez_____
Honorable John A. Mendez
United States District Court for the Eastern District of California