DAVID S. BINDER; STATE BAR NO.: 209876
**BINDER AND KALIOUNDJI, LLP**
20944 Sherman Way, Suite 215
Canoga Park, California 91303
(818) 479-7679
(818) 479-7690 FAX
E-Mail: david@binderkal.com
Attorneys for Defendant, FFE TRANSPORTATION SERVICES, INC.

COSTA KERESTENZIS, SBN 186125
Email: CKerestenzis@beesontayer.com
SARAH S. KANBAR, SBN 315443
Email: SKanbar@beesontayer.com
**BEESON, TAYER & BODINE, APC**
520 Capitol Mall, Suite 300
Sacramento, CA 95814-4714
Telephone: (916) 325-2100
Facsimile: (916) 325-2120
Attorneys for Plaintiff DENNIS THOMAS and the Putative Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS THOMAS, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FFE TRANSPORTATION SERVICES, INC., a Delaware Corporation, and DOES 1 through 10,<br><br>        Defendants. | Case No. 2:19-CV-00062-JAM-CKD<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: December 6, 2022<br>Hearing Time: 1:30 p.m.<br>Courtroom: Courtroom 6, 14th Floor<br>Judge: Hon. John A. Mendez<br>Complaint Filed: November 29, 2018 |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 6, 2022, at 1:30 P.M., or as soon thereafter as the matter may be heard before the Honorable John A. Mendez,

in COURTROOM 6, 14th Floor, of the United States District Court, Eastern District of California, located at 501 I Street, Suite 4200, Sacramento, California 95814, Plaintiff DENNIS THOMAS and the putative class and Defendant FFE TRANSPORTATION SERVICES, INC. ("Defendant") hereby jointly move this Court for an Order:

1.      Granting final approval of the Class Action Settlement Agreement and Release of Claims ("Settlement Agreement") between Plaintiff and Defendant;

2.      Granting final certification of the Class as defined in the Parties' Settlement Agreement for settlement purposes only;

3.      Finally appointing Plaintiff, Dennis Thomas, as Class Representative for purposes of settlement;

4.      Finally appointing Costa Kerestenzis and Sarah Kanbar of Beeson, Tayer & Bodine, PC as Class Counsel for purposes of settlement;

5.      Finding that the Notice of the Settlement was properly provided to the Class in accordance with the Court's Preliminary Approval Order;

6.      Finally approving the settlement as fair, adequate, and reasonable based upon the terms set forth in the Settlement Agreement;

7.      Approving payment of any amounts associated with un-cashed settlement checks to the St Christopher Truckers Relief Fund (www.truckersfund.org) as the *cy pres* recipient; and

8.      Binding all Settlement Class Members to the terms of the Settlement Agreement including the releases specified therein.

The Parties jointly bring this motion pursuant to Federal Rule of Civil Procedure 23(e), which governs court approval of class action settlements; Federal Rule of Civil Procedure 23(g), which governs court appointment of class

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**2**

counsel; and California Labor Code § 2699, which sets forth the provisions of the California Labor Code Private Attorneys General Act of 2004 ("PAGA") (California *Labor Code* §§2698 through 2699.6).

This Motion is based upon this Notice; the Memorandum of Points and Authorities in Support thereof; the Declaration of Lindsay Kline on Behalf of Settlement administrator Simpluris, Inc.; the Proposed Order granting final approval; the other records, pleadings, and papers filed in this action; and upon such other evidence or argument as may be presented to the Court at the hearing of this Motion. Plaintiff has concurrently filed an unopposed Motion for Attorneys' Fees, Costs, and Class Representative Service Award.

Dated: November 1, 2022

**BINDER & KALIOUNDJI, LLP**

/s/ David S. Binder (as authorized on
November 1, 2022)

David S. Binder,
Attorneys for Defendant, FFE
Transportation Services, Inc.

Dated: November 1, 2022

**BEESON, TAYER & BODINE, APC**

/s/ Sarah S. Kanbar

Costa Kerestenzis
Sarah Kanbar
Attorneys for Plaintiff, Dennis Thomas
and the putative class

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ........................................................................... 8

II.     RELEVANT FACTUAL BACKGROUND ...................................... 9

        A. Summary of Relevant Facts & Procedural History...................... 9

        B.  The Terms of the Preliminary Approval Order
            Have Been Satisfied ................................................................ 13

III.    THE CLASS WAS GIVEN THE BEST POSSIBLE NOTICE
        OF THE SETTLEMENT ............................................................... 15

IV.     THE SETTLEMENT IS FAIR AND REASONABLE AND
        SHOULD BE APPROVED............................................................ 17

        A. The Settlement Satisfies the Requirements of
           Fed. R. Civ. P. 23 .................................................................... 17

        B.  The Settlement is Fair, Reasonable and Adequate..................... 17

        C.  Strengths of Plaintiff's Case and Risks of Litigation ................ 19

        D. Amount Offered in Settlement .................................................... 19

        E.  The Extent of Discovery Completed and the Stage
            of Proceedings .......................................................................... 20

        F.  Experience and Views of Counsel .............................................. 21

        G. Class Members Unanimously Endorse the Settlement .............. 22

V.      PLAINTIFF'S REQUESTED INCENTIVE AWARD IS
        REASONABLE............................................................................. 23

VI.     THE REQUESTED ATTORNEY'S FEES AND COSTS ARE
        REASONABLE............................................................................. 24

VII.    THE PROPOSED CY PRES BENEFICIARY OF THE
        SETTLEMENT IS APPROPRIATE.............................................. 25

VIII.   CONCLUSION .............................................................................. 26

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .............................................................. 22

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ............................................................................... 15

*Ellis v. Naval Air Rework Facility*,
    87 F.R.D. 15 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981) .... 21

*Garner v. State Farm Mut. Auto. Ins. Co.*,
    No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *17 n.8
    (N.D. Cal. Apr. 22, 2010) ...................................................................... 24

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .............................................................. 22

*In re Heritage Bond Litig.*,
    Case No. 02-ML-1475 DT, 2005 WL 1594403, at *9
    (C.D. Cal. June 10, 2005) ...................................................................... 18

*Kullar v. Foot Locker Retail, Inc.*,
    168 Cal. App. 4th 116 (2008) ................................................................ 21

*Louie v. Kaiser Found. Health Plan, Inc.*,
    No. 08cv0795 IEG RBB, 2008 U.S. Dist. LEXIS 78314, at *18
    (S.D. Cal. Oct. 6, 2008) ......................................................................... 24

*Monterrubio v. Best Buy Stores, L.P.*,
    United States District Court, Eastern District of California,
    Case No. 2:11-CV-03270-MCE-AC, Dkt. No. 47 ................................ 25

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .............................................................................. 15

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

*Nelson v. Dollar Tree Stores, Inc.*,
    United States District Court, Eastern District of California,
    Case No. 2:11-CV-01334-JAM-CMK, Dkt. No. 48 ............................ 25

*Patel v. Axesstel Inc.*,
    No. 3:14-cv-1037-CAB-BGS, 2015 WL 6458073, at *6
    (S.D. Cal. Oct 23, 2015) .......................................................... 22

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ................................................................ 16

*Rannis v. Recchia*,
    380 Fed.Appx. 646 (9th Cir. 2010) ...................................... 17

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................ 18, 23

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) .................................................. 17

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ........................................ 18, 23

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ........................................ 23

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) .......................................... 24

**Statutes**

California *Labor Code*
    §201-204 ...................................................................... 10
    §210 ............................................................................ 10
    §218 ............................................................................ 10
    §226 ............................................................................ 10
    §226.7 .......................................................................... 10

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

§512 .................................................................................................. 10
§1174 ............................................................................................... 10
§2698 ............................................................................................... 10
§2698 through 2699.6 ....................................................................... 3
§2699 ................................................................................................ 3
§2999.3(a) ....................................................................................... 10

Fed. R. Civ. P.

23 ..................................................................................................... 17
23(a) ............................................................................................... 17
23(b) ............................................................................................... 17
23(c)(2)(B) ..................................................................................... 15
23(e) ................................................................................................. 2
23(e)(1) .......................................................................................... 17
23(e)(1)(C) ..................................................................................... 17
23(g) ................................................................................................. 2
23(3) ................................................................................................. 8

**Regulations**

49 CFR §395.8 ................................................................................. 11

California Industrial Welfare Commission ("IWC") Wage Order No. 9-200110

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Pursuant to Rule 23(3) of the Federal Rules of Civil Procedure, Plaintiff, DENNIS THOMAS ("Plaintiff") seeks an order finally approving the wage and hour class action Settlement between Plaintiff and the class he represents and Defendant, FFE Transportation Services, Inc. ("Defendant").   The settlement class is defined as:

> *All current and former employees who are or have been employed by FFE Transportation Services, Inc. in California (Stockton and Ontario hubs) to regularly perform the work of transporting product at any time during the period of November 29, 2014 to March 22, 2022* (the "Class Period").[1]

The Court granted preliminary approval of the Settlement on July 13, 2022. The settlement contemplates a non-reversionary gross settlement sum of **$175,000.00** for a class of 258 commercial truck drivers.   Since there were no valid opt outs and no valid objections[2] to the Settlement, following distribution of the Class Notice to the Class, if the Court grants final approval, each Class member will receive a pro-rata share of the Net Settlement Amount, which is calculated as follows:

---

[1] The Class Period is defined as "the period of November 29, 2014 through the date the Court enters Preliminary Approval or ninety (90) days after December 22, 2021, whichever is earlier. (Settlement Agreement ¶5.)

[2] One class member questioned the calculation of the class member's settlement payment because the class member had worked the majority of 2014.   The Claims administrator explained to the class member that the class period began as of November 29, 2014, so dates worked before that time would not be included in the calculation of the class members pro rata share of the settlement.   As a result, the Claims Administrator deemed that class member's objection to be invalid.

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**8**

| Gross Settlement Amount | | $175,000.00 |
|---|---|---|
| **Deductions:** | | |
| Attorneys' Fees of Class Counsel | | ($35,000.00) |
| Class Counsel Costs and Expenses | | ($10,000.00) |
| Service Payment to Class Representative | | ($5,000.00) |
| Settlement Administration Costs | | ($8,786.00) |
| Payment to LWDA for PAGA penalties | | ($3,000.00) |
| Payment to PAGA Class for PAGA penalties | | ($1,000.00) |
| Estimated Employer payroll taxes | | ($8,292.90) |
| **Net Settlement Amount for Class Settlement** | | **$103,921.10** |

This is a fair and reasonable settlement, particularly given the litigation risks, with an average payment of $402.79 per Class member and a maximum payment of $1,604.46. (Kline Decl., ¶15.) Following a comprehensive notice process, the response of the Class has been overwhelmingly positive with not a single Class Member submitting a valid objection or opting out of the Settlement, which further confirms the Court's finding that the Settlement and Addendum "appears to be fair, adequate and reasonable to the Class." (Kline Decl. at ¶¶ 11-12.) As a result, if the Court now grants final approval, 100% of the Class will participate in the Settlement. As there were no objections, and because the Settlement is fair, reasonable, and in the best interests of the Class, there is truly no reason it should not be finally approved.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Summary of Relevant Facts & Procedural History

The Parties set forth a detailed account of all relevant facts, claims, and defenses in their Motion for Preliminary Approval of Class Action Settlement [Dkt. 31-1] ("MPA") up to the time of their filing and incorporates the facts and procedural background set forth therein.   (See MPA §(2)(A)(B)(C) and

___

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

supporting declarations). Instead, the Parties offer the following brief synopsis of the key facts of the case and new developments since the filing of the MPA.

On or about March 19, 2018, Plaintiff submitted a letter to the California Labor and Workforce Development Agency ("LWDA") and Defendant pursuant to California *Labor Code* §2999.3(a). The letter to the LWDA provided notice of Plaintiff's intent to seek civil penalties against Defendant under the Labor Code Private Attorneys General Act ("PAGA") (California *Labor Code* §2698 *et seq.*) for alleged violations of California *Labor Code* §§201-204, 210, 218, 226, 226.7, 512, and 1174, as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001.

On November 29, 2018, Plaintiff filed his class and representative action Complaint in the San Joaquin County Superior Court in case number STK-CV-UOE-2018-14897. Plaintiff's original Complaint included causes of action for: (1) Failure to Pay Earned Wages and Premium Wages; (2) Failure to Authorize and Permit Meal Periods; (3) Failure to Authorize and Permit Rest Periods; (4) Failure to Make Timely Payment of Wages; (5) Failure to Provide Accurate Wage Statements; (6) Failure to Pay All Wages Upon Termination; (7) Unfair Competition; and (8) Penalties Pursuant to the Private Attorneys General Act (PAGA). Defendant thereafter removed the case to the United States District Court for the Eastern District under the Class Action Fairness Act.

In July of 2020, the Parties stipulated to dismiss Plaintiff's claims for meal and rest break violations. (See Dkt. 22.) On July 6, 2020, the Court approved the Stipulation and issued an Order dismissing the second cause of action for failure to authorize and permit meal periods and the third cause of action for failure to authorize and permit rest periods along with any derivative claims based on those causes of action. The remaining claims were: (1) Failure to Pay Wages; (2)

Failure to Make Timely Payment of Wages; (3) Failure to Provide Accurate Wage Statements; (4) Failure to Pay All Wages Upon Termination; (5) Unfair Competition; and (6) PAGA Penalties.  (See Dkt. 23.)

The Parties thereafter agreed to an exchange of informal discovery and private mediation.

The Parties engaged in a robust exchange of informal discovery and information prior to mediation. (Binder MPA Decl. [Dkt. 31-2], ¶¶32-35.) The parties exchanged pre-mediation informal discovery documents and information that included, inter alia:

(a) Defendant provided information about the Class and aggrieved employees, including the class size, number of aggrieved employees, and total number of weeks worked during the Class period and PAGA Period;

(b) Defendant provided Defendant's personnel policies as evidenced in Defendant's Employee Handbook;

(c) Defendant provided responses to Plaintiff's 13 Special Interrogatories;

(d) Defendant provided responses to Plaintiff's 20 Document Requests;

(e) Defendant produced a total of 167 pages of records with its Responses to Request for Production which included Plaintiff's personnel file materials and payroll;

(f) Plaintiff provided responses to Defendant's 10 Requests for Admission.

(g) Defendant produced to Plaintiff's counsel information from its driver logs for a total of 24 drivers totaling 8353 pages of records.[3]

---

[3] The driver logs are records that commercial drivers maintain pursuant to the Federal Motor Carrier Safety Regulations. (49 CFR §395.8.) The driver logs reflected multiple time entries

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(h) Defendant produced to Plaintiff's counsel pay statements for the same 24 drivers consisting of 1180 pages of documents.

(i) At Plaintiff's request, Defendant produced time records for 4 drivers.

(j) Plaintiff produced to Defendant a statement of facts supporting Plaintiff's claims along with a calendar completed by Plaintiff reflecting the dates that Plaintiff claims he was not relieved of all duties to be able to take a meal break.

The Parties' full-day mediation on December 22, 2021, was supervised by the respected wage-and-hour mediator, Lisa Klerman. After contested, arms-length negotiations, and a period of time for further reflection regarding the mediator's settlement proposal, the Parties ultimately agreed to a settlement with a long form Settlement Agreement fully executed in February of 2022.

The parties subsequently moved for preliminary approval of the Settlement, and on July 13, 2022, the Court entered an order preliminarily approving the Settlement (the "PA Order") as follows: (i) provisionally certifying the Class for settlement purposes; (ii) provisionally appointing Plaintiff, Dennis Thomas, as class representative; (iii) provisionally appointing Costa Kerestenzis and Sarah Kanbar of Beeson, Tayer & Bodine, PC as Class Counsel; (iv) appointing Simpluris to serve as the Settlement Administrator; (v) approving the Notice, attached as Exhibit 1 to the Settlement Agreement; (vi) directing Simpluris to effectuate the Notice Process, including mailing Notice to Class Members; (vii)

---

each day which included information about the time that each driver and started and stopped driving each day, the driver's geographic location at various times throughout the day, log entries throughout the day where the drivers coded their time (i.e. as on duty, not driving; driving; off duty; and sleeper berth), and the time that entries were coded as break time.

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Scheduling a final approval hearing; and (viii) granting an interim stay of the proceedings while the parties effectuate the terms of the settlement and seek final court approval of the settlement. (Dkt. 33.)

**B.      The Terms of the Preliminary Approval Order Have Been Satisfied**

The Court approved and appointed Simpluris, Inc. ("Simpluris") to serve as the Settlement Administrator for this case. (PA Order). Simpluris has been responsible, among other things, for: (a) printing and mailing the Notice of Proposed Class Action Settlement ("Class Notice"); (b) receiving undeliverable Class Notices; (c) receiving and validating requests for exclusion and objections; and (d) answering questions from Class Members. If the Court grants final approval of the Settlement, Simpluris will be responsible, among other things, for: (a) calculating individual Settlement payments, distributing funds, and tax-reporting following final approval; (b) mailing Settlement checks; and (c) such other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

On August 5, 2022, Defendant provided Simpluris with a mailing list containing the name, last known address, social security number, and pertinent employment information during the Class Period for the Class Members. The final class list contained 258 Class members. The mailing addresses contained in the class list were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notice Packets.

On September 1, 2022, the Class Notices were mailed by U.S. first class mail to all 258 Class Members. If a Class Member's Notice Packet was returned

by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name, previous address and Social Security Number to locate a current address. Through the advanced address searches, Simpluris was able to locate 19 updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses. Ultimately, 3 Class Member's Notices were undeliverable because Simpluris was unable to locate a current address.

The "Response Deadline" for Class members to submit any responses to the Settlement, including objections, requests for exclusion, or disputes, expired on October 17, 2022. The response from the Class after distribution of the Notice was overwhelmingly positive:

> ➢ Following the expiration of the time to opt out or object, only one Class member submitted an inquiry about the number of workweeks that was used to calculate the class member's estimated settlement payment. The Class member questioned the calculation because it did not include all of the workweeks in 2014 that the Class member worked. Simpluris explained to the Class member that the class settlement period started as of November 29, 2014, so any weeks worked before then would not be included in the calculation of the settlement payment. Other than this one question, no other Class members submitted an objection to the settlement.

> ➢ Following the expiration of the time to opt out or object, not a single Class member opted out of the Settlement, resulting in a 100% Class participation rate.

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

➢ If the Court grants final approval, all 258 Class Members will thus be mailed their pro-rata share of the Net Settlement Amount.

➢ If the Court grants final approval, the average settlement share to be paid to the Class members is estimated to be $402.79.

➢ If the Court grants final approval, the maximum settlement share to be paid to the Class members is estimated to be $1,604.46.

Plaintiff, through the Settlement Administrator, has thus duly provided notice of the Settlement to the Class in full compliance with the Court's PA Order and the Settlement. The positive response of the Class to the Notice not only confirms the Court's findings of fairness in the PA Order, but also amply supports the Court proceeding to grant final approval of the Settlement. The fact that only one Class member questioned their individual settlement calculation underscores the fairness and reasonableness of its terms. That no Class members opted out of the Settlement is also a strong indication that the Class strongly agrees with the Court that the Settlement is favorable to the Class.

## III. THE CLASS WAS GIVEN THE BEST POSSIBLE NOTICE OF THE SETTLEMENT

In approving a class action settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. Rule Civ. Proc. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections"). The notice is sufficient for purposes of due process if it contains a description of the litigation including the terms of the settlement, and explanation of the right to opt-out of or object to the settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

The notice procedure approved by the Court was and is the best notice practicable. As discussed above, the settlement administrator duly mailed the Class Notice to all Class members, conducted due diligence to locate the Class members whose Notices were returned, and ultimately successfully delivered all but 3 of the Class Notices (a 98.8% successful delivery rate). The Court-approved Class Notice provided Class members with all relevant information needed to make an informed decision as to whether to opt-out, participate, or object to the Settlement. It provided an explanation of the litigation and proposed settlement terms, and procedures on how to opt out, object and/or appear at the final fairness hearing. The documentation provided a brief explanation of the case, the exclusion date and procedure for exclusion, the proposed attorneys' fees, litigation costs, administration costs, service award and LWDA payment to be requested, and the individual members' estimated recovery, which were all included in the Class Notices. It also stated that those who do not timely opt out will be bound by the Settlement and Class release.

Moreover, the Court approved the Class Notice as to form and content in its PA Order. Therefore, the Court may proceed to determine the final fairness and adequacy of the settlement and order its approval, secure in the knowledge that all Class Members have been given the opportunity to participate fully in the

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**16**

notice process and have been fully apprised of their rights and options, including their rights to object or request exclusion.[4]

## IV.    THE SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED

### A. The Settlement Satisfies the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons for which Plaintiff satisfies those requirements, were set forth in detail in the Parties' MPA. (ECF No. 31-1, §(V)(A)(B). The Court ultimately concluded in its PA Order that the proposed settlement Class meets the standards of Federal Rule of Civil Procedure 23(a) and 23(b). (PA Order). Thus, the Parties do not believe it is necessary to repeat all of the factors that led the Court to its determination to provisionally certify the Class.

### B. The Settlement is Fair, Reasonable and Adequate

Pursuant to Fed. R. Civ. P. 23, "[t]he claims . . . of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval and notice of the proposed dismissal, settlement or compromise shall be given as the Court directs." Fed. R. Civ. P. 23(e)(1). The court may then finally approve a settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).

---

[4] Under the rules and law governing class actions, reasonable efforts must be made to reach all class members through the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class Notice (which is often impossible and/or impracticable). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010).

Courts in the Ninth Circuit consider a number of factors to assess whether final approval of a settlement is warranted including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

Importantly, a "presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *In re Heritage Bond Litig.*, Case No. 02-ML-1475 DT, 2005 WL 1594403, at *9 (C.D. Cal. June 10, 2005) (internal quotation and citations omitted); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("The [Ninth Circuit] put[s] a good deal of stock in the product of an arms-length, non- collusive, negotiated resolution.").

Here, the Parties presented detailed facts concerning the foregoing factors at preliminary approval and the Court conducted an analysis and prepared its PA Order, approving the settlement on a preliminary basis.  In doing so, the Court found that the following was satisfied: (1) the proposed settlement appears to be the product of 'serious, informed, non-collusive negotiations'; (2) the proposed settlement falls within the range of possible approval; (3) the proposed settlement does not improperly grant preferential treatment to class representatives or segments of the class; and (4) the proposed settlement has no obvious deficiencies. (PA Order).

///

///

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**18**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C. Strengths of Plaintiff's Case and Risks of Litigation

The Parties MPA set forth detailed facts regarding the results achieved through settlement, the risks of continued litigation, and the expected monetary results of litigation continued. However, it bears repeating that this action was contentious, and Defendant vigorously opposed Plaintiff's claims and denied the legal and factual allegations, and Defendant would have continued to do so had this matter not settled. Plaintiff faced serious litigation risks that could have precluded the Class from obtaining any recovery. Broadly, these included Defendant's contentions that the claims were unique to Plaintiff and that federal regulation related to drivers and documents related to those regulations undermined the claims in this action. While Plaintiff disagreed with these contentions these risks were significant.

Despite the foregoing risks, Plaintiff and Class Counsel recovered a significant settlement fund on behalf of the Class, an amount that the Class members would not have recovered independent of this action. Given the uncertainty associated with trial, the fact that specific claims for commercial truck drivers were deemed preempted which was upheld on appeal, and the argument that Plaintiff's claims were unique to him, Plaintiff obtained an outstanding settlement for the Class.

### D.    Amount Offered in Settlement

The Parties refer the Court to Section "IV(C)" of the MPA and the Binder MPA Decl., ¶¶69-77, for their comprehensive damage analysis. In summary, Defendant contends their exposure, taking into account all of the defenses to the claims asserted, amounted to between $132,834.00 - $484,333.00. (Binder MPA Decl., ¶¶69-77). Plaintiff estimated a higher amount, but understood there were issues of fact and law that would limit any recovery. (Kerestenzis MPA Decl.,

¶24). The global settlement amount obtained here for the Class of $175,000 represents 63.8% - 100% of Defendant's risk-adjusted settlement value of the claims. Both Parties agree that the gross Settlement amount is fair and reasonable.

## E.    The Extent of Discovery Completed and the Stage of Proceedings

The settlement was reached after informal discovery and a full day of private mediation. (MPA, §(IV)(A)(2), (Binder MPA Decl., ¶¶32-35). In advance of the mediation, the parties exchanged documents and data which included, among other things: (1) Defendant's responses to Plaintiff's 13 Special Interrogatories; (2) Defendant's responses to Plaintiff's 20 Document Requests. Defendant produced a total of 167 pages of records with its Responses to Request for Production which included Plaintiff's personnel file materials and payroll; (3) Plaintiff provided responses to Defendant's 10 Requests for Admission; (4) Defendant produced to Plaintiff's counsel information from its driver logs for a total of 24 drivers totaling 8353 pages of records. The driver logs reflected multiple time entries each day which included information about the time that each driver started and stopped driving each day, the driver's geographic location at various times throughout the day, log entries throughout the day where the drivers coded their time (i.e. as on duty, not driving; driving; off duty; and sleeper berth), and the time that entries were coded as break time; (5) Defendant produced to Plaintiff's counsel pay statements for the same 24 drivers consisting of 1180 pages of documents; (6) At Plaintiff's request, Defendant also produced time records for 4 drivers; (7) Plaintiff produced to Defendant a statement of facts supporting Plaintiff's claims along with a calendar completed by Plaintiff reflecting the dates that Plaintiff claims he was not relieved of all duties to be able to take a meal break. (Binder MPA Decl., ¶¶ 33-34).

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

After analyzing all of the foregoing discovery and information, the Parties drafted damage models, which they incorporated in their mediation briefs that were shared with the mediator prior to the mediation. The discussions between counsel at the mediation, and the informal discovery conducted in this matter, have been adequate to give the Plaintiff and Class Counsel a sound understanding of the merits of their position, Defendant's defenses, and to evaluate the worth of the claims of the Class particularly in light of the litigation risks. The informal discovery conducted in this action, and the information exchanged through the Parties' negotiations, were sufficient to reliably assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis. Based on their own independent investigation and evaluation, Class Counsel has determined that the settlement terms and conditions set forth below are in the best interests of Plaintiff and the members of the Class.

**F.    Experience and Views of Counsel**

Plaintiff's counsel has collectively represented thousands of employees in similar wage and hour cases.  The view of the attorneys actively conducting the litigation is entitled to significant weight in deciding whether to approve the settlement. *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 128 (2008) (court must take into account "the experience and view of counsel") (internal quotation and citation omitted). As stated above, the monetary benefit the Settlement provides to Class Members is meaningful and significant, especially considering the risks facing Plaintiff in further litigation, including the very real possibility of Plaintiff's recovering nothing due to the uncertainties common to class action litigation such as the risk of non-certification

and losing on the merits in trial. Defense counsel shares the view that Settlement is fair, reasonable and adequate. (Binder PAM Decl., ¶57).

### G.    Class Members Unanimously Endorse the Settlement

The Court may appropriately infer that the class action settlement is fair, adequate and reasonable when, among other reasons, few class members object to it. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); see also *Hanlon v. Chrysler Corp*.,150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.").

Here, the reaction of the Settlement Class Members has been one of overwhelming approval – not a single Class Member requested to be excluded from the Settlement, and not a single Class Member objected. (Kline Decl. ¶¶ 11-12). As noted previously, one class member questioned the calculation of his proposed benefit due to the misunderstanding that the class period covered the entirety of 2014, which it does not. It was explained to this class member that the class period did not being until November 28, 2014. The unanimous approval of Class members weighs heavily in favor of granting of final approval. The "absence of a single objection to the settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Patel v. Axesstel Inc.,* No. 3:14-cv-1037-CAB-BGS, 2015 WL 6458073, at *6 (S.D. Cal. Oct 23, 2015); *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). The reaction of the Class provides a compelling basis for the Court to grant final approval of the Settlement.

## V.    PLAINTIFF'S REQUESTED INCENTIVE AWARD IS REASONABLE

Named plaintiffs "are eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59. "The district court must evaluate [incentive] awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Staton*, 327 F.3d at 977. Courts may also consider: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

As outlined in the concurrently filed unopposed Motion for Attorneys' Fees, Costs and Class Representative Service Award, Plaintiff requests an incentive award of $5,000, to recognize his contributions to the Class, the reputational risks he undertook, the time and efforts expended on behalf of the Class, his broader waiver of claims outside of the scope of the Class claims released by the Class in the Settlement, his acceptance of the financial risk in pursuing this litigation, and his participation at the mediation. Specifically, he

provided factual background for the mediation brief and Class Complaint; spoke with other Class members about their experiences with Defendant; reviewed the Complaint; provided documents about Defendant's compensation plan; participated in phone calls to discuss litigation and settlement strategy; made himself available during the all-day mediation in this case; reviewed the settlement documents; and provided declarations to the Court. (See Declaration of Dennis Thomas in support of Preliminary Approval, Dkt. 31-3.)

Given Plaintiff's strong commitment to the Class, the $5,000 requested Incentive Award falls well within the range of reasonable incentive payments awarded to Class Representatives in similar class actions. *See e.g. Louie v. Kaiser Found. Health Plan, Inc*., No. 08cv0795 IEG RBB, 2008 U.S. Dist. LEXIS 78314, at *18 (S.D. Cal. Oct. 6, 2008) (approving "$25,000 incentive award for each Class Representative" in wage an hour settlement); *Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 493 (E.D. Cal. 2010) (approving service awards in the amount of $12,000 each from a $300,000 settlement fund in a wage/hour class action); *Garner v. State Farm Mut. Auto. Ins. Co*., No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *17 n.8 (N.D. Cal. Apr. 22, 2010) ("Numerous courts in the Ninth Circuit and elsewhere have approved incentive awards of $20,000 or more where, as here, the class representative has demonstrated a strong commitment to the class").

## VI.  THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE

Similarly, the unopposed Motion for Attorneys' Fees, Costs, and Class Services Representative Award sets forth in detail the reasons for which the award of fees and costs contemplated by the Settlement are fair and reasonable and should be approved. Class counsel has submitted evidence detailed the time spent

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

litigation the case to support the attorney's fees provision of the Settlement Agreement. In summary, Class Counsel seeks 20% which is reasonable because it is within the range of the Ninth Circuit's 25% benchmark. The fees are further justified by the result obtained for the Class in light of the many risk factors faced. Given the work involved in litigating this case, the lack of any objectors to the fee request, and the fact that Class Counsel seeks fees below the benchmark, there is no compelling reason for the Court to deny the requested fee award. For the reasons set forth in Plaintiff's Motion for Attorneys' Fees, the requested attorneys' fees and costs preliminarily approved by the Court should be finally approved.

## VII. THE PROPOSED CY PRES BENEFICIARY OF THE SETTLEMENT IS APPROPRIATE

Pursuant to the Settlement Agreement, the Parties propose St Christopher Truckers Relief Fund (www.truckersfund.org) (St Christopher Fund, PO Box 30763 Knoxville, TN 37930) which provides assistance to the families of truck drivers when they become ill or injured as the recipient of any funds associated with checks that have not been cashed within 180 days.

Courts in the Eastern District have granted final approval to other settlements that designated other service agencies, such as Operation Homefront Southern California, Inc., Vietnam Veterans of California, Inc., and United States Veterans Initiative, Inc. as cy pres beneficiaries. *See, Monterrubio v. Best Buy Stores, L.P.*, United States District Court, Eastern District of California, Case No. 2:11-CV-03270-MCE-AC, Dkt. No. 47, Memorandum and Order; *Nelson v. Dollar Tree Stores, Inc.* United States District Court, Eastern District of California, Case No. 2:11-CV-01334-JAM-CMK, Dkt. No. 48, Order and Final

Judgment Granting Plaintiff's Motion for Final Approval of Class Action Settlement, Attorneys' Fees, Expenses and Incentive Award.

## VIII. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court enter the proposed Order submitted herewith finally approving the Settlement, including the allocations for attorneys' fees, costs, settlement administrator expenses, the proposed service award to Plaintiff, the PAGA allocation, and the pro rata settlement amounts to the Class Members.


Dated: November 1, 2022               **BINDER & KALIOUNDJI, LLP**

                                      By:  /s/ David S. Binder (as authorized on
                                           November 1, 2022)_____
                                           David S. Binder, Esq.
                                           Attorneys for Defendant, FFE
                                           TRANSPORTATION SERVICES,
                                           INC.


Dated: November 1, 2022               **BEESON, TAYER & BODINE, APC**

                                      By:   /s/ Sarah S. Kanbar
                                           _____
                                           Costa Kerestenzis, Esq.
                                           Sarah Kanbar, Esq.
                                           Attorneys for Plaintiff, DENNIS
                                           THOMAS and the proposed class

---

**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**